RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE __1_/_6_/_12__

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ALLEN DAVIDSON,<br>        Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00094 |
| VERSUS | |
| TIM WILKINSON,<br>        Defendant | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a verified civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Allen Davidson ("Davidson") on January 19, 2011. The named defendant is Tim Wilkinson, warden of the Winn Correctional Center ("WCC") in Winnfield, Louisiana.[1] Davidson complains that Wilkinson has failed to implement any policy banning smoking indoors at WCC and that, as a consequence, he has been exposed to second hand smoke every day he has been incarcerated there. For relief, Davidson asks for an injunction, a protective order, and monetary damages (including punitive). Davidson is presently incarcerated in WCC.

---

[1] Although the docket sheet shows Winn Correctional Center as a defendant, that facility was not actually named as a defendant by Davidson. Instead, WCC was inserted by the clerk's staff because Davidson initially failed to name a defendant; he subsequently submitted a revised complaint on the proper form and named Warden Wilkinson as the defendant.

Defendants filed a motion to dismiss the complaint (Doc. 17), contending Davidson failed to exhaust his administrative remedies. Davidson has not filed an opposition to defendants' motion.

## Motion to Dismiss

Defendants contend Davidson's complaint should be dismissed for failure to exhaust his administrative remedies.

Section 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under Section 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). Also, Jones v. Bock, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007). Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990. Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust. Jones, 549 U.S. at 218, 127 S.Ct. at 922-923.

Where the complaint does not clearly show that the inmate failed to exhaust administrative remedies, it is defendants' job to raise and prove such an affirmative defense. Torns v. Mississippi Dept. of Corrections, 301 Fed.Appx. 386, 389-90 (5th Cir.2008). Also, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910 (2007)

The Louisiana prison administrative remedy procedures are set forth at the Louisiana Administrative Code, Title 22 (Corrections, Criminal Justice and Law Enforcement), Part I (Corrections), Section 325, (Adult Administrative Remedy Procedures), which states in pertinent part:

> "G. Process
> 1. First Step (Time Limit 40 days)
>     a. The inmate commences the process by writing a letter to the warden, in which he briefly sets out the basis for his claim, and the relief sought (refer to Subsection F, "Procedure-Initiation of Process" for the requirements of the letter). The inmate should make a copy of his letter of complaint and retain it for his own records. The original letter will become a part of the process, and will not be returned to the inmate. The institution is not responsible for furnishing the inmate with copies of his letter of complaint. This letter should be written to the warden within 90 days of an alleged event. (This requirement may be waived when circumstances warrant. The warden, or his designee, will use reasonable judgment in such matters.) The requests shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is being rejected. The warden may assign another staff person to conduct further fact-finding and/or information gathering prior to rendering his response. The warden shall respond to the inmate within 40 days from the date the request is received at the first step.
>     b. For inmates wishing to continue to the second step, sufficient space will be allowed on the response to give a reason for requesting review at the next level. There is no need to rewrite the original letter of request as it will be available to all reviewers at each step of the process.
> 2. Second Step (Time Limit 45 days)
>     a. An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP screening officer

within 5 days of receipt of the decision. A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. A copy of the secretary's decision will be sent to the warden.

    b. If an inmate is not satisfied with the second step response, he may file suit in district court. The inmate must furnish the administrative remedy procedure number on the court forms.

Defendants show that Davidson submitted a grievance concerning exposure to second hand smoke on January 18, 2011, that WCC "accepted" the grievance on March 2, 2011, and denied it on May 25, 2011. Defendants argue that, since Davidson did not proceed to Step 2 of the ARP process, he failed to exhaust his administrative remedies. Heyse states in her affidavit that, although Davidson filed a grievance at Step 1, he did not file an appeal at Step 2 (Doc. 17). However, since Step 2 involves submission of an appeal to the Secretary of the Louisiana Department of Public Safety and Corrections, it is not clear whether Mona Heyse can attest to whether Davidson submitted a Step 2 grievance to the State; Heyse states in her affidavit that she works at WCC and maintains records of the grievances filed by WCC inmates, but does not explain or show how she has access to grievance appeals filed with the Secretary of the Louisiana Department of Public Safety and Corrections. Therefore, the record does not show whether or not Davidson filed a Step 2 appeal with the State.

It is noted, moreover, that although a copy of Davidson's grievance was attached to the affidavit of the Mona Heyse, who

4

appears to be the custodian of those records, the copy is uncertified.

Since defendants have not proven that Davidson did not file s Step 2 appeal, they have not carried their burden of proving Davidson did not exhaust his administrative remedies and their motion to dismiss should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 17) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 5th day of January 2012.

                                               JAMES D. KIRK
                                    UNITED STATES MAGISTRATE JUDGE