RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/26/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ALLEN DAVIDSON,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00094 |
| VERSUS | |
| WINN CORRECTIONAL CENTER, et al.,<br>    Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Allen Davidson ("Davidson") on January 19, 2011 (Docs. 1, 3, 4). The named defendant is Tim Wilkinson, warden of the Winn Correctional Center ("WCC") in Winnfield, Louisiana.[1] Davidson complains that Wilkinson has failed to implement any policy banning smoking indoors at WCC and that, as a consequence, he has been exposed to second hand smoke every day he has been incarcerated there. For

---

[1] Although the docket sheet shows Winn Correctional Center as a defendant, that facility was not actually named as a defendant by Davidson. Instead, WCC was inserted by the clerk's staff because Davidson initially failed to name a defendant; he subsequently submitted a revised complaint on the proper form and named Warden Wilkinson as the defendant.

relief, Davidson asks for an injunction, a protective order, and monetary damages (including punitive). Davidson is presently incarcerated in WCC.

Defendants answered the complaint (Doc. 10) and asked for a jury trial, filed a statement of issues for trial (Doc. 15), filed an initial motion to dismiss which was denied (Docs. 17, 21), and filed a second motion to dismiss (Doc. 23) which is presently before this court. Davidson has not responded to defendants' motion.

## Law and Analysis

Defendants contend that Davidson failed to exhaust his administrative remedies with respect to his claim of smoking in WCC.

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Jones v. Bock, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong. <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Resort to a prison grievance process must precede resort to a court. <u>Porter</u>, 534 U.S. at 529, 122 S.Ct. at 990.

However, the exhaustion requirement imposed by amended § 1997e is not jurisdictional. <u>Woodford v. Ngo</u>, 548 U.S. 81, 101, 126 S.Ct. 2378, 2392 (2006). The exhaustion requirement may be subject, in rare instances, to certain defenses such as waiver, estoppel, or equitable tolling. <u>Days v. Johnson</u>, 322 F.3d 863, 866 (5th Cir. 2003).

Failure to exhaust is an affirmative defense under the Prison Litigation Reform Act, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. <u>Jones</u>, 549 U.S. at 216, 127 S.Ct. at 921; <u>Torns v. Mississippi Dept. of Corrections</u>, 301 Fed.Appx. 386, 388 (5th Cir. 2008); <u>Carbe v. Lappin</u>, 492 F.3d 325, 327-328 (5th Cir. 2007). Where the complaint does not clearly show that the inmate failed to exhaust administrative remedies, it is defendants' job to raise and prove such an affirmative defense. <u>Torns</u>, 301 Fed.Appx. at 389; <u>Carbe</u>, 492 F.3d at 328.

Defendants show, through documentary evidence and two affidavits by Mona Heyse (Doc. 23), the Quality Assurance Manager for WCC, that Davidson filed a Step 1 grievance which was denied (Doc. 23). Heyse further states in an affidavit that Davidson did

not file a Step 2 grievance.[2]

Since defendants' unrefuted evidence shows that Davidson did not exhaust his administrative remedies prior to filing his suit in this court, Davidson's complaint should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 23) be GRANTED and that Davidson's complaint be DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

---

[2] Louisiana has a three-step administrative remedy procedure which begins with an informal resolution process, followed by Step 1 and Step 2 grievances, as set forth in the Louisiana Administrative Code at Title 22 (Corrections, Criminal Justice and Law Enforcement), Part I (Corrections), Section 325, (Adult Administrative Remedy Procedures).

4

**WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 26th day of November 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE